**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 96-40971

(Summary Calendar)
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

AL JERNIGAN,

Defendant - Appellant.

Appeal from the United States District Court
For the Eastern District of Texas
(6:96-CR-16-1)

June 18, 1997

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Al Jernigan appeals his sentence for possession with intent to distribute and distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and aiding and abetting in violation of 18 U.S.C. § 2. Jernigan's court-appointed counsel alleges that no nonfrivolous issues exist on appeal, and he has submitted a motion

        [*]     Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

to withdraw.  Finding no meritorious issues for appeal, we grant defense counsel's motion and dismiss Jernigan's appeal.

During a routine traffic stop, Jernigan consented to a search of his vehicle, where police found a large amount of cash and traces of cocaine base.  During subsequent police interviews, Jernigan admitted to receiving as much as sixteen ounces of cocaine base from one Hernando Garses and to selling about five ounces of cocaine base every two weeks.  Jernigan also consented to a search of his residence, where police found equipment to manufacture cocaine base, a large amount of cash, and eleven weapons, including loaded firearms.

As a result of these discoveries, police arrested Jernigan and six others, and a grand jury handed down a multiple-count indictment.  As part of a plea bargain, Jernigan: (1) pled guilty to one count of possession with intent to distribute and distribution of cocaine base; (2) pled guilty to one count of aiding and abetting; and (3) made a knowing and voluntary waiver of his rights to appeal any issues not related to sentencing.  As a result, federal prosecutors dropped the remaining charges. Jernigan's parole officer recommended in his presentence report ("PSR") an offense level of thirty-five, based on the quantity of cocaine attributable to him, a three-level reduction for accepting responsibility, and a two-level weapons enhancement.

Because undercover police officers had twice arrested Jernigan for selling narcotics, the court found Jernigan to be a career

offender and assessed a criminal history category of VI. The resulting guideline range of 292-365 months exceeded the twenty-year statutory maximum of 21 U.S.C. § 841(b)(1)(c), to which Jernigan had pled guilty, so his parole officer recommended a 240-month term, a three-year period of supervised release, and a fifty-dollar special assessment. The district court adopted the PSR in its entirety. Jernigan appeals the determination of his base offense level, the application of a two-level enhancement for possessing a dangerous weapon, and the finding that Jernigan is a career offender.

Jernigan's court-appointed counsel filed a motion to withdraw from this appeal pursuant to *Anders v. California*, which establishes the procedure an appointed lawyer must follow in order to withdraw from an appeal. 386 U.S. 738, 744, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d 493 (1967). If, after a conscientious examination, counsel finds no nonfrivolous issues remain in an appeal, he or she may request permission from the appellate court to withdraw. *Id.* Counsel must brief the court on any issue that might arguably support an appeal and give the appellant a copy of the brief, and the court must afford the appellant an opportunity to argue any point he or she chooses. *Id.* After a full examination by the court, if the appeal is found to be wholly frivolous, the court may grant counsel's request to withdraw and dismiss the appeal. *Id.* Counsel has briefed the issues and

3

provided Jernigan with a copy of the brief.  Jernigan has not submitted any argument that his appeal should be heard.

Jernigan challenges the quantity of drugs attributed to him during sentencing.  In the PSR section on drug quantity, Jernigan's probation officer added the 10.1 grams of cocaine base and the 2.16 grams of cocaine powder that Jernigan sold to undercover officers, to the twenty-six ounces of cocaine base that Jernigan admitted in interviews to having sold.[1]  The court adopted the PSR, and Jernigan disputes the attribution of those twenty-six ounces to him for sentencing.  We review the application of the sentencing guidelines *de novo* and the district court's findings of fact for clear error.  *United States v. McKinney* 53 F.3d 664, 677 (5th Cir.), *cert. denied*, ___ U.S. ___, 116 S. Ct. 261, 133 L. Ed. 2d 184 (1996).

In computing a sentence under the guidelines, a district court need not be convinced of drug quantity beyond a reasonable doubt; it need only be convinced by a preponderance of the evidence.  *Id.* at 677.  That evidence need not be admissible at trial, so long as it has sufficient "indicia of reliability" to support its probable accuracy.  *United States v. Vital*, 68 F.3d 114, 129 (5th Cir. 1995).  The PSR, standing alone, generally contains sufficient indicia of reliability to be dispositive in resolving facts for use

---

[1]     Jernigan claimed to have sold five ounces of cocaine base every other week, which his probation officer took to mean that he had sold a minimum of ten ounces of cocaine base.  Jernigan also admitted to receiving as much as 16 ounces of cocaine base from Garses, for a total of 26 ounces by admission.

4

under the sentencing guidelines. *United States v. Brown*, 54 F.3d 234, 242 (5th Cir. 1995). Furthermore, when an appellant submits no affidavit to rebut the PSR, the court is free to adopt its findings without further inquiry or explanation. *Vital* 68 F. 3d at 120. The drug quantity is based on sales for which Jernigan has been arrested and on his own confessions, which he does not challenge. We rely on the unrebutted PSR to set the amount of drugs attributable to Jernigan and find that the district court did not err in its quantity determination for sentencing. There is no nonfrivolous issue as to the drug quantity determination.

We must also examine whether the district court properly enhanced Jernigan's offense level under section 2D1.1(b)(1) for possession of a weapon during the offense. Jernigan objected to this enhancement, but offered no rebuttal evidence. We review the district court's sentencing determination for clear error. *United States v. Castillo*, 77 F.3d 1480, 1498 (5th Cir.), *cert. denied.* ___ U.S.___, 117 S. Ct. 180, 136 L. Ed. 2d 120 (1996). The relevant guideline reads, simply: "If a dangerous weapon (including a firearm) was possessed, increase by 2 levels." Unrebutted evidence in the PSR shows that there were eleven weapons, including firearms, in Jernigan's residence. The evidence showed that Jernigan had used his residence to manufacture cocaine base, and police found the weapons in the same location where drugs or drug paraphernalia were stored. Therefore the weapons enhancement

5

presents no appealable error.  *See United States v. Hooten*, 942 F. 2d 878, 883 (5th Cir. 1991).

Next, we consider whether the district court correctly determined that Jernigan was a career offender.  A defendant is a career offender if: (1) he was at least eighteen years old at the time of the instant offense, (2) the offense is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.  USSG § 4B1.1.  Jernigan was at least eighteen, and this is a controlled substance offense, so only the two prior convictions were at issue in the district court.

A federal and a state court each issued a separate, prior conviction in this case.  An undercover police officer arrested Jernigan on April 6, 1990 for selling him a gram of cocaine. Jernigan pled guilty in state court and received deferred adjudication.  A separate undercover police officer arrested Jernigan on April 12, 1990 for selling him 6.69 grams of cocaine. Jernigan subsequently pled guilty in federal court. Jernigan argued that these convictions were "related cases" pursuant to USSG section 4A1.2 and thus should not count as two separate convictions for determining criminal history.  However, "prior sentences are not considered related if they were for offenses that were separated by an intervening arrest."  USSG § 4A1.2, comment. (n.3).

Here there was obviously an intervening arrest, a mere six days after the first. Further, the sales occurred on separate dates and separate sovereigns entered the convictions. Therefore it was not error to consider these two convictions unrelated.

Finally, counsel's brief suggests that the district court's determination of Jernigan's criminal history points may present a nonfrivolous issue. It does not. The district court found Jernigan to be a career offender, and USSG section 4B1.1 says that "a career offender's criminal history category in every case shall be Category VI." Therefore, Jernigan's criminal history points, even if erroneous, had no effect on his ultimate sentence, which was determined by section 4B1.1.

We find no meritorious issues to support Jernigan's appeal. Therefore, we GRANT counsel's request to withdraw, and we DISMISS this appeal.